# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **JOSE GUADALUPE FLORES LOPEZ,**<br><br>                Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>                Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-CV-670-DAK<br><br>The Honorable Dale A. Kimball |

       This matter is before the court on Petitioner Jose Guadalupe Flores Lopez's Motion for Appointment of Counsel and Waiver of Right to Appear in Person at the Resentencing Hearing. On April 8, 2009, Mr. Lopez and one co-defendant were named in a two-count indictment charging possession of narcotics with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On February 23, 2010, under the terms of a signed "Statement by Defendant in Advance of Plea of Guilty," Mr. Lopez pleaded guilty to Count 1 of the Indictment. The other count against him was ultimately dismissed.

       On May 5, 2010, the court sentenced Mr. Lopez to 120 months' imprisonment followed by a term of 60 months of supervised release. Mr. Lopez did not file a direct appeal.

       On June 20, 2016, the court received a motion from Mr. Lopez that was labeled a Motion for Appointment of Counsel and Waiver of Right to Appear in Person at the Resentencing Hearing. Despite the label on his motion, Mr. Lopez is requesting that his sentence be reduced due to the decision by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, and is requesting appointment of counsel to assist him in obtaining relief

based on the *Johnson* decision.

Mr. Lopez filed his motion in his closed criminal case. In general, a defendant does not have a right to counsel in a closed criminal case. Therefore, as the motion was labeled by Mr. Lopez, the motion would have been denied.

However, because Mr. Lopez is seeking relief under the Supreme Court's *Johnson* case, the court opened a new civil case and filed Mr. Lopez's motion both as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and as a Motion to Appoint Counsel in the civil case. A petitioner only has a right to counsel in a § 2255 civil case in very limited circumstances, which do not apply here. Therefore, the court denies Mr. Lopez's motion for appointment of counsel.

Because of the prohibition against successive § 2255 motions, the Tenth Circuit has limited a district court's ability to construe a motion as a § 2255 motion if it was not originally filed as a § 2255 motion. Specifically, a district court can only recharacterize a motion as a § 2255 motion if either:

> (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so reacharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*U.S. v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000) (citation omitted).

Mr. Lopez has no meritorious grounds for filing a § 2255 motion. Although Mr. Lopez argues that *Johnson* applies because his sentence was enhanced under the residual clause of the ACCA, the ACCA was never used to enhance Mr. Lopez's sentence. In fact, no clause resembling the residual clause of the ACCA within any other statute or the sentencing guidelines was used to enhance Mr. Lopez's sentence. Mr. Lopez's sentence was based on his plea of guilty to one count

of possession of narcotics with intent to distribute, and Mr. Lopez's prior criminal convictions were only considered to determine Mr. Lopez's criminal history score, which affects the relevant sentencing guideline range. Because Mr. Lopez's sentence was not enhanced by the ACCA residual clause, or any other clause resembling the ACCA residual clause, the court concludes that the holding in *Johnson* does not apply to Mr. Lopez's sentence. Any other grounds for filing a § 2255 motion to vacate, set aside, or correct Mr. Lopez's sentence is time barred by the one-year statute of limitations that applies to motions brought under § 2255.

Because Mr. Lopez has no meritorious grounds for filing any § 2255 motion, the court denies Mr. Lopez's motion for relief under the Supreme Court's *Johnson* decision. However, out of an abundance of caution and to keep Mr. Lopez from losing any rights, the court will not consider Mr. Lopez's motion to be a § 2255 motion for purposes of future filings.

For the reasons above, Mr. Lopez's motion, which was filed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, is DENIED, but the court will not consider the motion to be a § 2255 motion for purposes of future filings. Mr. Lopez's Motion to Appoint Counsel is also DENIED.

DATED this 27th day of June, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge